**STATE OF MONTANA,**
 **Plaintiff,**       **No. DC-04-38**
**vs.**           **Decision**
**ERIC C. BROWN,**
 **Defendant,**

On January 3, 2006, the defendant was sentenced to the following: <u>Count I</u>: Seventy (70) years in the Montana State Prison, with thirty (30) years suspended, for the offense of Sexual Intercourse Without Consent, a felony; <u>Count II</u>: Seventy (70) years in the Montana State Prison, with thirty (30) years suspended, for the offense of Incest, a felony; <u>Count III</u>: Seventy (70) years in the Montana State Prison, with thirty (30) years suspended, for the offense of Sexual Intercourse Without Consent, a felony; and <u>Count IV</u>: Seventy (70) years in the Montana State Prison, with thirty (30) years suspended, for the offense of Incest, a felony. All counts shall run concurrently with each other. The Court recommends the defendant complete Phases I and II of an MSOTA certified sex offender program before he is considered for parole.

On May 5, 2006, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Lyle Panasuk. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 5th day of May, 2006.

DATED this 26th day of May, 2006.

Chairperson, Hon. John W. Whelan, Member, Hon. Randal I. Spaulding and Alt. Member, Hon. Kurt Krueger.